UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

WILLIAM COOL, et al.,
    Defendants.

Case No. 1:16-cv-515

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on plaintiff's motion for default judgment (Doc. 13), plaintiff's motion for leave to file an amended/supplemental complaint (Doc. 19), and defendants' motion for extension of time to file an answer to the amended complaint (Doc. 21).

On June 23, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* and directed him to file an amended complaint. (Docs. 7, 8). Plaintiff filed a motion for extension of time to amend the complaint on July 18, 2016. (Doc. 10). The Court granted plaintiff an extension of 17 days from July 20, 2016, to file an amended complaint. (Doc. 11). Plaintiff filed an amended complaint on August 9, 2016. (Doc. 12). On October 31, 2016, plaintiff filed a motion for default judgment. (Doc. 13). Plaintiff moved for default judgment on the ground more than 21 days had elapsed since defendants were served with summons and a copy of both the complaint and the amended complaint, and defendants had not yet filed an answer or otherwise defended the complaint. (*Id.*). On November 2, 2016, the undersigned issued an Order and Report and Recommendation after conducting a *sua sponte* review of the amended complaint. (Doc. 14). The undersigned recommended that plaintiff's claims against several

defendants be dismissed and that a copy of the complaint and summons be served upon

defendants C/O Swaney, Cynthia Davis, Unit Manager Nolan, C/O Pardis, Correction Officer

Johnson, C/O Englehardt, C/O Dale, C/O Ferguson, William Cool, and C/O Rodgers as directed

by plaintiff. (*Id.*). Summons and copies of the complaint and the amended complaint were

issued that same date. (Doc. 15). On December 9, 2016, plaintiff filed a motion for leave to file

a second supplemental/amended complaint. (Doc. 19).

To date, summons have been returned unexecuted as to defendants Dale, Johnson, and

Rodgers. (Doc. 22). Summons have been returned executed as to defendants Pardis, Cool,

Davis, Nolan and Swaney. (Docs. 23, 25). These latter defendants and defendant Englehardt

moved for an extension of time to file an answer to the amended complaint on December 16,

2016, which was prior to the date their answers were due. (Doc. 21). Thus, all defendants who

have been served have responded to the amended complaint by timely seeking an extension of

time to respond. Plaintiff therefore is not entitled to default judgment against defendants for

failure "to plead or otherwise defend" against this lawsuit. *See* Fed. R. Civ. P. 55.

Defendants Pardis, Cool, Davis, Nolan, Swaney and Englehardt seek an extension of 21

days to file an answer or other responsive pleading to the amended complaint pursuant to Fed. R.

Civ. P. 6(b)(1)(A). For good cause shown, the Court will grant defendants' motion.

Plaintiff requests leave to file a second supplemental/amended complaint to add "new

parties" and "new claims" to the lawsuit. (Doc. 19). Plaintiff seeks to add 28 prison officials,

corrections officers, and medical personnel as new defendants. (*Id.*). He alleges these

individuals violated his Eighth Amendment right to be free from excessive force, his right to

receive adequate medical care, and his right to certain "conditions of confinement," as well as his

Fifth and Fourteenth Amendment due process rights. (*Id.*). Plaintiff further alleges that these

2

individuals failed "to act to remedy a wrong" in violation of the Fifth, Eighth and Fourteenth Amendments, failed to protect plaintiff in violation of the Eighth Amendment, and engaged in a campaign of harassment and retaliation in violation of the Fifth, Eighth and Fourteenth Amendments. (*Id.*). In addition, plaintiff seeks to add new claims against several individuals named in the first amended complaint based on their alleged failure to act to remedy a wrong in violation of these defendants' Fifth and Fourteenth Amendments and alleged failure to protect plaintiff in violation of the Eighth Amendment; their alleged violation of plaintiff's right to equal protection under the Fourteenth Amendment; and their alleged violation of plaintiff's right to adequate medical care under the Eighth Amendment. (*Id.*).

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Plaintiff's motion for leave to file a second supplemental/amended complaint should be denied. Plaintiff has not submitted a proposed second amended complaint. However, he has made clear that he seeks to add "new claims" against "new parties" in the second amended complaint. (Doc. 19). Plaintiff also seeks to add "new claims" against individuals he

3

named as defendants in his first amended complaint.[1] (*Id.*). Plaintiff's unrelated claims must be addressed in a separately filed new civil rights complaint and not in an amended complaint filed in this action. Further, to allow plaintiff to file a second amended complaint would be counterproductive. After plaintiff submitted the original complaint, the Court ordered him to file an amended complaint because the excessively long and rambling original complaint did not comply with Fed. R. Civ. P. 8(a). (Doc. 8). Plaintiff complied with the Court's order by submitting a complaint that was reduced from 89 to 22 pages and which named 17 defendants instead of the original 40 defendants. (Doc. 12). The undersigned has recommended that plaintiff be permitted to proceed on some of these claims against only 10 of the 17 individuals named as defendants in the amended complaint. (Doc. 14). To allow plaintiff to file a second amended complaint that adds 28 new defendants and numerous claims of constitutional violations would be inconsistent with the prior Order directing plaintiff to submit a streamlined amended complaint that complies with Fed. R. Civ. P. 8(a).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (Doc. 13) be **DENIED.**

2. Plaintiff's motion for leave to file an amended/supplemental complaint (Doc. 19) be **DENIED.**

---

[1] The undersigned recommended in the November 2, 2016 Report and Recommendation that three of these defendants against whom plaintiff seeks to assert new claims – defendants Oppie, Mahlman and Parks – be dismissed from the lawsuit. (Doc. 14). The Report and Recommendation is pending before the District Judge.

**IT IS THEREFORE ORDERED THAT:**

1.  Defendants' motion for an extension of time to file an answer or other responsive pleading to the amended complaint (Doc. 21) is GRANTED.  Defendants shall have until January 6, 2017, to answer the amended complaint.

Date: _1/4/17_

Karen L. Litkovitz
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

WILLIAM COOL, et al.,
Defendants.

Case No. 1:16-cv-515

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

6