UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

Case No. 1:16-cv-00515
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM COOL, et al.,
Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

**I. Introduction**

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on (1) plaintiff's motion to obtain copies (Doc. 38), and (2) plaintiff's motion for a temporary restraining order/preliminary injunction (styled as "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order") (Doc. 39) and defendants' response in opposition to the motion (Doc. 40).

Plaintiff was granted leave to proceed *in forma pauperis* in this action on June 23, 2016. (Doc. 7). The undersigned issued an Order that same date finding that the original complaint submitted by plaintiff did not comply with Fed. R. Civ. P. 8(a)(2) and granting plaintiff 21 days to file an amended complaint that complied with the Rule. (Doc. 8). Plaintiff filed an amended complaint on August 9, 2016. (Doc. 12). On November 2, 2016, the undersigned issued an Order and Report and Recommendation that recommended the following claims be dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1): (1) plaintiff's claims against defendants Morgan, Mahlman, Oppie, Parks, Goodman, Warren and Riddick; (2) his

Fourteenth Amendment claims against all defendants; and (3) his First Amendment claim against defendant Corrections Officer Johnson. (Doc. 14). The undersigned ordered that service be issued on defendants Johnson, C/O Swaney, Cynthia Davis, Unit Manager Nolan, C/O Perdas (Pardis), C/O Englehardt, C/O Dail, C/O Ferguson, William Cool, and C/O Rogers, as directed by plaintiff. (*Id.*). Plaintiff filed objections to the Report and Recommendation on December 2, 2016. (Doc. 18).[1] Plaintiff subsequently filed a motion for leave to file a supplemental/amended complaint on December 9, 2016. (Doc. 19). On January 4, 2017, the undersigned issued a Report recommending that plaintiff's motion for default judgment (Doc. 13) and motion to file a supplemental/amended complaint (Doc. 19) be denied. (Doc. 26). The Report and Recommendation was adopted by Order dated April 11, 2017. (Doc. 41). To date, summons have been returned executed on defendants Cool, Davis, Englehardt, Nolan, Pardis, and Swaney. (Docs. 23, 25, 32). These defendants filed their answer to the amended complaint on January 6, 2017. (Doc. 27). Summons have been returned unexecuted as to defendants Dail, Johnson, Rodgers, and Ferguson. (Docs. 22, 24).

Plaintiff filed his motion to obtain copies of documents (Doc. 38) and motion for temporary restraining order (TRO)/preliminary injunction on February 24, 2017. (Doc. 39). Defendants Cool, Davis, Englehardt, Nolan, Pardis and Swaney filed their response in opposition to the motion for a TRO/preliminary injunction on March 10, 2017. (Doc. 40).

## II. Motion for TRO/preliminary injunction (Doc. 39)

In his motion for a TRO/preliminary injunction, plaintiff seeks to enjoin defendants Swaney, Davis, Nolan, Perdas (Pardis), Englehardt and Cool and their agents and all other persons acting in concert with them from causing irreparable harm to his physical and mental

---

[1] The objections to the Report and Recommendation (Doc. 18) have not been ruled on by the District Judge to date and the Report and Recommendation (Doc. 14) remains pending on the docket.

well-being and to his pending civil and criminal court cases by any of the following means: (1) spraying him with "O/C" (pepper spray) and then refusing to decontaminate him; (2) placing him in certain housing populations at SOCF; (3) "maliciously" searching his cell; (4) withholding his legal and other materials related to several pending federal and state court cases plaintiff is pursuing; (5) withholding his personal property from him; (6) retaliating against his brother, Gary Lee Pullen, who is the plaintiff in a pending court case; and (7) retaliating against plaintiff for filing inmate grievances, civil rights lawsuits, and state tort lawsuits. (Doc. 39 at 1-2). Plaintiff also seeks a Court Order directing defendants or their employer, the Ohio Department of Rehabilitation and Correction (ODRC), to transfer plaintiff and/or his brother to another prison. (*Id.* at 2). Finally, plaintiff seeks an order pending a hearing and determination of his motion enjoining in excess of 50 individuals - including defendants, prison administrators, and dozens of other SOCF employees - from working in the same block/unit plaintiff where plaintiff is housed; issuing false conduct reports against plaintiff; placing plaintiff near an inmate who allegedly assaulted him at SOCF; falsifying plaintiff's medical records; and encouraging inmates and officers to contaminate plaintiff's food tray. (*Id.* at 2-3).

In support of his motion, plaintiff has submitted his declaration made under penalty of perjury. (*Id.*, Exh. 1). In the declaration, plaintiff makes the following allegations: On January 7, 2017, plaintiff found his "cell was destroyed" and his legal documents were scattered about in what he suggests was retaliation for writing informal complaints against C/O Adams and C/O Aldridge, and C/O Aldridge sprayed him with O/C spray. After plaintiff requested a shower, Lt. Setty told plaintiff he would not be allowed to shower until Monday because it was a weekend. Plaintiff was under suicide watch from January 7 to 11, 2017, and when he was released "C/O Fri" threatened to video record plaintiff in his suicide gown on the C/O's cell phone and upload

3

it to the internet and send it to someone plaintiff knew. (*Id.* at 6). Plaintiff returned to suicide watch from January 11 to 13, 2017 after allegedly learning his brother had been physically abused by three corrections officers, and at the end of this time period he did not receive any of his legal mail. As of February 20, 2017, plaintiff had not been in possession of his legal documents since January 7, 2017, and they still had not been returned to him. Plaintiff required the documents for an appeal in *Pullen v. Maynard*, Case No. 14-cv-223 (S.D. Ohio Sept. 15, 2016) (currently on appeal); an upcoming trial in *Pullen v. Howard, et al.*, Case No. 2:14-cv-104 (S.D. Ohio) (currently stayed pending mediation scheduled for July 12, 2017) (Docs. 109, 116), and two state court cases. Plaintiff alleges that a state court appeal he had filed was dismissed because the SOCF mailroom held a motion for extension of time to file a notice of appeal that he had submitted for mailing. (*Id.* at 8). In addition to his declaration, plaintiff has submitted several grievances he filed against C/O Aldridge, C/O Adams, C/O Fry, C/O Grooms, Lt. Eshem, and unidentified mailroom employees and officers. (Doc. 39, Exhs. A-1 to A-13).

Defendants oppose plaintiff's motion and argue it should be denied on two grounds: (1) the factual basis for the injunctive relief sought has no connection to the claims asserted in the amended complaint, and (2) the individuals plaintiff accuses of wrongdoing in his declaration are not parties to this lawsuit. (Doc. 40 at 3).

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3. Whether an injunction will cause others to suffer substantial harm; and

    4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). The same four-factor analysis applies to a motion for temporary restraining order. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).

The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet*, 305 F.3d at 573. Where a prisoner requests an order enjoining a state prison official, the Court must proceed with caution and due deference to the unique nature of the prison setting. *White v. Corr. Med. Servs.*, No. 1:08-CV-277, 2009 WL 529082 at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 132, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

Plaintiff has not alleged facts sufficient to warrant a TRO/preliminary injunction. Plaintiff has made no attempt to apply the above factors that must be weighed to his situation. He has not presented any evidence either showing a substantial likelihood of success on the

5

merits of his constitutional claims or demonstrating that he will suffer irreparable harm absent a TRO/preliminary injunction. Plaintiff raises issues in his motion for a TRO/preliminary injunction that are largely unrelated to the merits of the claims presented in the amended complaint that have survived initial screening. Those claims have been limited to plaintiff's Eighth Amendment claims against defendants Swaney, Davis, Nolan, Perdas (Pardus), Johnson, Englehardt, Dail, Ferguson, Cool and Rogers based on incidents that occurred at SOCF between September 29, 2014 and April 26, 2015. (*See* Doc. 14). Plaintiff's motion for injunctive relief raises issues pertaining to incidents that allegedly occurred at SOCF in January of 2017, that relate to other federal and state lawsuits, and that involve numerous individuals who are not parties to this lawsuit. A motion for TRO/preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. *Arrington v. Scott*, [No. 12-cv-529], 2013 WL 1080298 (W.D. Mich. January 7, 2013). Strictly interpreted, [the plaintiff's] motion is unrelated to the underlying claim pending in this case. *See Id.*; *see also Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010)

(plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

*Id.*

A TRO/preliminary injunction is also not warranted here because the purpose of a TRO/preliminary injunction--to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)--would not be served. Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged constitutional harms inflicted on him and his brother, who is not a party to this lawsuit, by SOCF officials and other parties who are not defendants in this case and over whom the Court has no jurisdiction. Plaintiff also asks that dozens of SOCF employees be barred from working in the unit or block where he is housed and that he be transferred to another institution to remedy unproven constitutional violations. Such requests do not preserve the status quo of the parties and do not serve the purpose of a TRO/preliminary injunction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's request for a TRO/preliminary injunction (Doc. 39) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. 39) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for copies (Doc. 38) is **GRANTED**. The Clerk is **DIRECTED** to send plaintiff (1) a copy of his motion for TRO/preliminary injunction ("Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order") (Doc. 39); (2) a Pro Se Complaint Packet and Application to Proceed in Forma Pauperis; and (3) eight United States Marshal and summons forms.

Date: 7/3/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

Case No. 1:16-cv-00515
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM COOL, et al,,
Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).