UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Tyrone Pullen, Jr.,

    Plaintiff,

    v.

William Cool, *et al.*,

    Defendants.

Case No. 1:16cv515

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court upon the Magistrate Judge's November 2, 2016 Order and Report and Recommendation ("R&R") (Doc. 14) and the Magistrate Judge's July 10, 2017 Order and R&R (Doc. 47). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections to the November 2nd R&R (Doc. 18); and filed a "Declaration" (Doc. 57) after the Magistrate Judge entered her July 10th R&R, which the Court will consider as possible objections to that R&R.

Plaintiff is an inmate incarcerated at the Southern Ohio Correctional Facility ("SOCF"). He claims violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Magistrate Judge summarized Plaintiff's allegations in the Amended Complaint (Doc. 14, PAGEID #579-583), and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## I. ANALYSIS

### A. Standards of review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 72(b)(2) states that if a party objects to a magistrate's report and recommendation, the party must file "specific written objections" to the recommendation. Fed. R. Civ. P. 72(b)(2). A general objection to a magistrate's report, without specifically indicating the issues of contention, does not satisfy the "specific written objections" requirement. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. November 2, 2016 Order and Report and Recommendation (Doc. 14)

This matter was before the Magistrate Judge pursuant to the Prison Litigation Reform Act, which requires a district court to conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff seeking redress against government entities or officer or employee of a governmental entity, 28 U.S.C. § 1915A.

Under Sections 1915A(b)(1) and 1915(e)(2)(B), a district court must screen and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. The standard of review under these two statutes is the same standard used to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Magistrate Judge concluded that Plaintiff's Eighth Amendment claims against Defendants Swaney, Davis, Nolan, Perdas, Johnson, Englehardt, Dail, Ferguson, Cool, and Rogers are deserving of further development and may proceed. The Magistrate Judge recommended the following claims be dismissed with prejudice: (1) Plaintiff's claims against Defendants Morgan, Mahlman, Oppie, Parks, Goodman, Warren and Riddick; (2) his Fourteenth Amendment claims against all defendants; and (3) his First Amendment claim against Defendant Corrections Officer Johnson. The Magistrate Judge ordered that the United States Marshall serve a copy of the Amended Complaint and other pleadings upon Defendants Swaney, Davis, Nolan, Perdas, Johnson, Englehardt, Dail, Ferguson, Cool, and Rogers.

Plaintiff objects to the dismissal of the claims against Defendants Morgan, Mahlman, Oppie and Parks. Plaintiff explains that a supervisor may be liable by learning of a violation through an appeal through the prison grievance or disciplinary system. However, as the Magistrate Judge explained, Plaintiff only alleges that Defendants Morgan, Mahlman, Oppie and Parks failed to take corrective action after they were notified of Plaintiff's concerns. In order to state a claim against supervisory personnel under Section 1983, "a plaintiff must allege

3

that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate or at least acquiesced in the alleged unconstitutional activity of a subordinate. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  Therefore, the Court find no error in the Magistrate Judge's recommendation that the claims against Defendants Morgan, Mahlman, Oppie and Parks should be dismissed.

Next, Plaintiff objects to the Magistrate Judge's recommendation that his First Amendment claim against Defendant Johnson be dismissed.  The Magistrate Judge explained that Plaintiff alleged that Johnson confiscated and destroyed an envelope containing contaminated food and a letter addressed to the clerk of courts.  The Magistrate Judge explained that in order to state a claim for denial of access to the courts under the First Amendment, an inmate must establish the he suffered an actual injury as a result of the denial.  (Doc. 14, PAGEID # 586) (citing *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002).  Because Plaintiff failed to allege facts showing that he suffered any actual injury as the result of his destruction of his legal materials, the Magistrate Judge concluded that Plaintiff failed to state a claim under the First Amendment.

In his objections, Plaintiff explains that "upon Magistrate Judge Litkovitz order and Report and Recommendation showed 'actual injury' by his claim of denial of access to the court being rejected and the presentation of such a claim is being prevented from being heard within the court." (Doc. 18, PAGEID # 608-609).  The Court finds that Plaintiff's somewhat circular argument does not meet the

4

requirement that "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417-18. Because the Amended Complaint does not meet these pleading requirements, the Magistrate Judge correctly concluded that has failed to state a claim for relief for a denial of access to the courts under the First Amendment.

Finally, Plaintiff argues that the Magistrate Judge's recommendation that the due process claim against Defendants Morgan, Mahlman, Oppie and Parks should be dismissed is in error because Plaintiff has not been allowed to appeal Davis and Perdas decision not to place him in protective control. However, as the Magistrate Judge explained, "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). Therefore, the Court finds no error in the Magistrate Judge's recommendation that Plaintiff's due process claim be dismissed for failing to state a claim.

Therefore, the Magistrate Judge's November 2, 2016 R&R (Doc. 14) is ADOPTED.

### C. **July 10, 2017 Order and Report &Recommendation (Doc. 47)**

This matter was before the Magistrate Judge upon before the Court on Plaintiff's

5

Motion to Obtain Copies (Doc. 38), and (2) Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 39). The Magistrate Judge granted Plaintiff's Motion to Obtain Copies and recommended that Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction be denied. The Magistrate Judge explained that Plaintiff had not alleged facts sufficient to warrant a TRO or preliminary injunction. The Magistrate Judge noted that in his Motion for a Temporary Restraining Order/Preliminary Injunction, Plaintiff raised issues that are largely unrelated to the merits of the claims presented in the Amended Complaint which survived initial screening.

In his Declaration, Plaintiff does not specifically address the Magistrate Judge's July 10, 2017 R&R, other than to state that SOCF Property Room Sergeant Felts, Sergeant Bear and Sergeant Tackett are preventing him from completing his discovery process in his pending litigation as well as preventing him from filing his objections to the Magistrate Judge's July 10, 2017 R&R. However, Plaintiff did not file a motion for extension of time to file objections, and the time in which to file objections has passed. To the extent that Plaintiff's Declaration (Doc, 57) can be read to state objections to the July 10, 2017 R&R, those objections do not satisfy the requirement of Federal Rule of Civil Procedure 72(b)(2), which states that if a party objects to a magistrate's report and recommendation, the party must file "specific written objections." Therefore, Plaintiff's objections are OVERRULED.

The Court finds no error in the Magistrate Judge's July 10, 2017 R&R, and it is therefore ADOPTED.

## II. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The Magistrate Judge's November 2, 2016 Order and R&R (Doc. 14) is **ADOPTED**;

    a. The following claims are dismissed with prejudice: (1) Plaintiff's claims against Defendants Morgan, Mahlman, Oppie, Parks, Goodman, Warren and Riddick; (2) his Fourteenth Amendment claims against all defendants; and (3) his First Amendment claim against Defendant Corrections Officer Johnson.

2. The Magistrate Judge's July 10, 2017 R&R (Doc. 47) is **ADOPTED**;

    a. Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 39) is DENIED.

**IT IS SO ORDERED.**

           */s/ Michael R. Barrett*
           JUDGE MICHAEL R. BARRETT