# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TERRY TYRONE PULLEN, JR., <br> Plaintiff, | Case No. 1:16-cv-00515 <br> Barrett, J. <br> Litkovitz, M.J. |
| vs. | |
| WILLIAM COOL, et al., <br> Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on (1) plaintiff's motion for an extension of time to complete discovery and serve defendants who have not yet been served with a copy of the complaint (Doc. 44), (2) plaintiff's motion for a 90-day extension of the discovery deadline (Doc. 48), (3) plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. 45) and defendants' response in opposition to the motion (Doc. 49), and plaintiff's motion for issuance of service (Doc. 58).

Plaintiff was granted leave to proceed *in forma pauperis* in this action on June 23, 2016. (Doc. 7). The undersigned issued an Order that same date finding that the original complaint submitted by plaintiff did not comply with Fed. R. Civ. P. 8 and granting plaintiff 21 days to file an amended complaint that complied with the Rule. (Doc. 8). Plaintiff filed an amended complaint on August 9, 2016. (Doc. 12). On November 2, 2016, the undersigned issued an Order and Report and Recommendation that recommended the following claims be dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1): (1) plaintiff's claims against defendants Morgan, Mahlman, Oppie (Oppy), Parks, Goodman, Warren and Riddick; (2)

his Fourteenth Amendment claims against all defendants; and (3) his First Amendment claim against defendant Corrections Officer (C/O) Johnson. (Doc. 14). The undersigned ordered that service be issued on defendants C/O Johnson, C/O Swaney, Cynthia Davis, Unit Manager Nolan, C/O Perdas (Pardis), C/O Englehardt, C/O Dail, C/O Ferguson, William Cool, and C/O Rodgers, as directed by plaintiff. (*Id.*). Plaintiff filed objections to the Report and Recommendation on December 2, 2016. (Doc. 18). The District Judge adopted the Report and Recommendation by Order dated September 22, 2017. (Doc. 62).

Plaintiff filed a motion for leave to file a supplemental/amended complaint on December 9, 2016. (Doc. 19). On January 4, 2017, the undersigned issued a Report and Recommendation that recommended the District Judge deny plaintiff's motion for default judgment (Doc. 13) and motion to file a supplemental/amended complaint (Doc. 19). (Doc. 26). The Report and Recommendation was adopted by Order dated April 11, 2017. (Doc. 41). To date, summons have been returned executed on defendants Cool, Davis, Englehardt, Nolan, Pardis, and Swaney. (Docs. 23, 25, 32). These defendants filed their answer to the amended complaint on January 6, 2017. (Doc. 27). Summons have been returned unexecuted as to defendants C/Os Dail, Johnson, Rodgers, and Ferguson. (Docs. 22, 24).

Plaintiff filed his motions for extensions of time on June 27, 2017 and July 14, 2017 (Docs. 44, 48) and motion for temporary restraining order (TRO)/preliminary injunction on June 30, 2017. (Doc. 45). Defendants Cool, Davis, Englehardt, Nolan, Pardis and Swaney filed their response in opposition to the motion for a TRO/preliminary injunction on July 24, 2017. (Doc. 40). Plaintiff filed his motion to issue service on August 29, 2017. (Doc. 58).

2

## II. Motion for TRO/preliminary injunction (Doc. 45)

Plaintiff seeks to enjoin defendants Swaney, Davis, Nolan, Pardis, Englehardt and Cool and their agents and all other persons acting in concert with them from withholding his "ERH-1" and legal and other property that was allegedly removed from his cell on May 20, 2017; retaliating against him, harassing him, or using excessive force against him by means of "O/C" spray (pepper spray); withholding his outgoing legal mail; and using other SOCF inmates to assault plaintiff. (Doc. 45 at 1-2). Pending a hearing and effective immediately, plaintiff seeks an emergency transfer to a prison under the jurisdiction of the Ohio Department of Rehabilitation and Correction (ODRC) that houses "level 4B/ERH-1" inmates to prevent defendants and their agents and all persons acting in concert with them from using excessive force against plaintiff or assaulting him; further harassing him; attempting to sabotage or hinder his pending civil lawsuits; providing inadequate medical and mental health care; subjecting him to false conduct reports; and placing him in restrictive housing without his property. (*Id.* at 2).

In support of his motion for TRO/preliminary injunction, plaintiff makes the following allegations: Plaintiff has been subjected to mistreatment by employees of SOCF since a "chain of events" that first occurred on July 9, 2013 at Central Reception Center (CRC). (*Id.* at 4). When he was transferred from CRC to SOCF on June 15, 2013, plaintiff was told by the intake officers that he would not make it out alive. (*Id.* at 4). An inmate porter told plaintiff not to eat his food because second shift officers had contaminated his food trays with bodily fluids. (*Id.*). Officers Distel and Butterbough told inmates plaintiff was a rapist and had tried to rape a C/O at CRC. (*Id.*). After plaintiff was moved to another unit on September 9, 2013, following an assault with bodily fluids by another inmate, C/Os Dalton and King began telling others that plaintiff was a rapist and a snitch. (*Id.* at 4-5). In November 2013, C/O Maynard continued the alleged

3

manipulation after plaintiff was moved to another unit by telling inmates that plaintiff was a rapist who had allegedly tried to rape a female officer at CRC and a snitch on C/Os and another inmate. (*Id.* at 5). On December 1, 2013, an inmate assaulted plaintiff after being encouraged to do so by C/O Maynard and assured by him that no action would be taken against him for the assault. (*Id.*). In March 2014, plaintiff was assaulted by inmates with bodily fluids and harassed by C/Os Dalton and King. (*Id.* at 6). On June 26, 2014, plaintiff was "framed" by C/O Frazie and inmate John Doe when they staged an incident to make it appear as if plaintiff had spit on the inmate, after which plaintiff had to be placed on suicide watch because he was mentally unstable. (*Id.*). Between June 26, 2014 and May 1, 2015, plaintiff experienced mental and physical torture by both SOCF inmates and employees. (*Id.*).

Plaintiff further alleges that since filing the amended complaint in this action, both the original defendants who were omitted from the amended complaint and the current defendants have retaliated against him by filing false conduct reports, using excessive force against him, manipulating and encouraging inmates to assault him, subjecting him to excessive solitary confinement, and providing him with inadequate mental health treatment and medical care. (*Id.* at 7). On January 7, 2017, C/O Aldridge maliciously searched plaintiff in retaliation for plaintiff filing a grievance against him on December 20, 2016 and threatened to hit plaintiff, and C/O Adams maliciously searched plaintiff's cell. (*Id.* at 7). C/O McCoy subjected plaintiff to excessive force in September 2016 for filing a state court action. (*Id.* at 7). At the same time plaintiff's cell was maliciously searched, plaintiff's brother was sexually assaulted by C/Os Sears and Crabtree and Sergeant Dillow in retaliation for plaintiff filing inmate grievances and state and federal lawsuits. (*Id.* at 7-8). C/O Aldridge sprayed plaintiff with pepper spray after

4

plaintiff returned to his cell, found his property scattered about, and told C/O Aldridge he would be filing a lawsuit against him. (*Id*. at 8).

Plaintiff further alleges that on January 7, 2017, C/O Fry made inappropriate comments of a sexual nature and gestures while plaintiff was being strip searched. (*Id*. at 9). Several days later, C/O Fry video recorded plaintiff in his suicide gown on the C/O's cell phone and threatened to upload it to the internet. (*Id*. at 9). Inspector Mahlman dismissed plaintiff's claim as untrue. (*Id*.). In February, C/O Collins filed two conduct reports against plaintiff in retaliation for plaintiff holding a sign up in his cell for the camera's view that indicated inmates in certain cells needed to speak to mental health services. (*Id*.). On March 6, 2017, C/O Grooms placed mice droppings on plaintiff's food tray, and Inspector Mahlman denied plaintiff's complaint. (*Id*. at 10). Plaintiff was issued a conduct report for not allowing Grooms to close his food hatch. On March 16, 2017, Unit Manager Oppy and Sergeant Tackett had C/O Collins write a conduct report against plaintiff for not moving to the top range, even though plaintiff had a medical restriction against top ranges and top bunks, and he was disciplined by being denied phone and commissary privileges. (*Id*.).

Plaintiff alleges that after he was moved to another unit on March 14, 2017, C/O Englehardt and an inmate contaminated his food trays from April 23 to 28, 2015. (*Id*. at 11). Plaintiff filed requests with Oppy to be moved to a different unit because of prior incidents, but Oppy denied his request. (*Id*.). Plaintiff informed Oppy that C/Os Grooms, Englehardt, Thornhill and Gifford allowed another inmate to spit on plaintiff and throw a food tray into his cell, but Oppy claimed the incident did not happen. (*Id*.). C/O Englehardt told inmates that plaintiff was a snitch after plaintiff reviewed DVR footage in connection with this lawsuit. (*Id*. at 11-12). On May 28, 2017, plaintiff filed a grievance on this, but Mahlman denied the

5

grievance. (*Id.* at 12). Previously, on May 20, 2017, C/O Broughton sprayed plaintiff with pepper spray in his cell as he was retrieving items before being escorted to another unit. (*Id.* at 13). On May 24, 2017, while outside the Rules Infraction Board (RIB) hearing room to hear two allegedly false conduct reports by C/O Collins and Lieutenant Broughton, plaintiff was assaulted by an inmate who accused plaintiff of being a snitch. (*Id.*). Plaintiff filed an Informal Complaint Resolution (ICR) to Cool on June 5, 2017, but received no response. (*Id.* at 13-14). He also requested Notification of Grievances from Inspector Mahlman but she refuses to give plaintiff one or to investigate his concerns. (*Id.* at 14).

Plaintiff further alleges that on June 9, 2017, he knocked himself unconscious by jumping off his bed but C/O Brigham, Lieutenant Little, Captain Frazie and John Does 1 and 2 never informed the medical or mental health staff of the injuries plaintiff sustained. (*Id.* at 15). In addition, plaintiff has been unable to access his legal documents since June 9, 2017, which are in the property room. (*Id.*). Plaintiff alleges that Cool has denied him access to the documents because they are not marked "current" and plaintiff therefore cannot have them in ERH-1/4B housing. (*Id.* at 15). Plaintiff alleges he needs the legal documents to show the SOCF staff knew his life was in danger. (*Id.* at 16).

Plaintiff alleges he is not safe at SOCF because the staff has created a hostile environment and endangered his life by telling inmates he is a snitch and rapist and assuring inmates who harm him that they will be protected. (*Id.* at 17). Plaintiff asserts he has required a "P.C." (protective custody) interview but Mahlman has denied his request. (*Id.*).

Defendants oppose plaintiff's motion and argue it should be denied for the same reasons plaintiff's first motion for TRO/preliminary injunction has been denied: plaintiff has not met his burden of proof to show he is entitled to the relief he seeks, plaintiff does not seek to preserve the

status quo until a trial on the merits can be held, and plaintiff seeks to enjoin non-parties on claims that are not related to this lawsuit (*see* Doc. 47). (Doc. 49).

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). The same four-factor analysis applies to a motion for temporary restraining order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet*, 305 F.3d at 573. Where a prisoner requests an order enjoining a state prison official, the Court must proceed with caution and due deference to the unique nature of the prison setting. *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082 at *2 (W.D.

7

Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

Plaintiff has not alleged facts sufficient to warrant a TRO/preliminary injunction. Plaintiff has made no attempt to apply the above factors that must be weighed to his situation. He has not presented any evidence either showing a substantial likelihood of success on the merits of his constitutional claims or demonstrating that he will suffer irreparable harm absent a TRO/preliminary injunction. Plaintiff raises issues in his motion for a TRO/preliminary injunction that are largely unrelated to the merits of the claims presented in the amended complaint that have survived initial screening. Those claims have been limited to plaintiff's Eighth Amendment claims against defendants Swaney, Davis, Nolan, Pardis, Englehardt, Cool, Dail, Ferguson, Johnson and Rodgers based on incidents that occurred at SOCF between September 29, 2014 and April 26, 2015. (*See* Docs. 14, 62). Plaintiff's motion for injunctive relief raises issues pertaining to multiple incidents that allegedly occurred at SOCF between June 9, 2013 and June 2017, that are unrelated to this lawsuit and which involve numerous individuals who are not parties to this lawsuit, including C/Os Distel, Butterbough, Dalton, King, Maynard, Frazie, Aldridge, Adams, McCoy, Fry, Collins, Oppy, Tackett, and Inspector Mahlman.

A motion for TRO/preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and

Recommendation) (Kemp, M.J.), *adopted,* 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013).

Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. *Arrington v. Scott*, [No. 12-cv-529], 2013 WL 1080298 (W.D. Mich. January 7, 2013). Strictly interpreted, [the plaintiff's] motion is unrelated to the underlying claim pending in this case. *See Id.*; *see also Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

*Id.*

A TRO/preliminary injunction is also not warranted here because the purpose of a TRO/preliminary injunction - to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991) - would not be served. Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged constitutional harms inflicted on him by SOCF officials and other parties who are not defendants in this case and over whom the Court has no jurisdiction. Plaintiff also asks that dozens of SOCF employees be barred from working in the unit or block where he is housed and that he be transferred to another institution to remedy unproven constitutional violations. Such requests do not preserve the status quo of the parties and do not serve the purpose of a TRO/preliminary injunction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's request for a TRO/preliminary injunction (Doc. 45) should be denied.

### III. Motions to extend the discovery deadline (Doc. 48)

Plaintiff requests an extension of the July 6, 2017 discovery deadline. (Doc. 48). Plaintiff alleges he did not have access to his legal documents for a substantial period of time after May 20, 2017, when he was placed in segregation and subsequently placed on suicide watch. Plaintiff states that he has since received his legal documents. Defendants do not oppose plaintiff's request for additional time to complete discovery. The Court therefore will grant a brief extension of the discovery deadline.[1]

### IV. Motion for extension of time to issue service (Doc. 44)/Motion to issue service (Doc. 58)

Plaintiff filed a motion for additional time to serve the complaint on defendants C/O Dail, C/O Johnson, C/O Rodgers, and C/O Ferguson on June 27, 2017. (Doc. 44). Plaintiff states in his motion that he had provided additional information to defendants about the identities of these individuals but had not received a response from defendants. Plaintiff indicated that he intended to serve interrogatories on defendants to obtain information concerning the unserved defendants' identities. Plaintiff filed a motion to issue service on August 29, 2017, alleging he had received the full names of the unserved defendants on July 19, 2017. (Doc. 58). He identifies these individuals as Jamie Gillum (previously identified as Ms. Dail), Kory Rogers (previously identified as C/O Rodgers) and Kody Johnson (previously identified as C/O Johnson). Plaintiff has submitted summons and service forms for these individuals. (*Id.*, attachment). Plaintiff

---

[1] Plaintiff also requests an extension of the discovery deadline in Doc. 44, which is moot in light of the Court's ruling on Doc. 48.

acknowledges that C/O Ferguson is no longer employed at SOCF and he requests that ODRC be substituted as defendant for C/O Ferguson.

The Court will initially address plaintiff's motion to issue service on Jamie Gillum, Kory Rogers, and Kody Johnson and to substitute ODRC for C/O Ferguson. Plaintiff named C/O Dail, C/O Rodgers, C/O Johnson and C/O Ferguson as defendants in the complaint he filed on June 23, 2016 (Doc. 9) and the amended complaint he filed on August 9, 2016. (Doc. 12). Summons were issued for these defendants on November 2, 2016. (Doc. 15). Summons were returned unexecuted as to defendants Dail, Johnson and Rodgers with a letter from ODRC dated December 6, 2016, explaining there was no employee with the name of Dail or Rodgers employed by ODRC and more than one employee with the last name of Johnson. (Doc. 22). Summons were returned unexecuted as to C/O Ferguson with a letter from ODRC dated December 16, 2016, explaining he was no longer employed by ODRC. (Doc. 24).

Plaintiff stated in his motion for extension of time filed on June 27, 2017 that he had requested discovery to learn the full names of C/O Dail, whose name had been changed to C/O Gains, C/O Johnson, and C/O K. Rogers. (Doc. 44). Plaintiff subsequently moved for leave to issue service on Jamie Gillum, Kory Rogers and Kody Johnson and to substitute ODRC for C/O Ferguson on August 29, 2017. (Doc. 58). This was more than two years after the incidents that form the basis for the complaint, which allegedly occurred between September 29, 2014 and the end of April 2015 (*see* Doc. 12), and after the statute of limitations on plaintiff's claims had run. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc) (two-year statute of limitations applies to § 1983 claims that arise in Ohio). Because plaintiff did not identify these potential defendants prior to August 29, 2017, plaintiff's motion to issue service is properly construed as a request to amend the complaint to add parties against whom the claims would

11

otherwise be barred by the statute of limitations. *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013).

Plaintiff's request to include Jamie Gillum, Kory Rogers, Kody Johnson and ODRC as defendants to the lawsuit after expiration of the two-year period of limitations must be analyzed under Fed. R. Civ. P. 15(c), which governs the relation back of amendments to the complaint.[2] *Lockhart*, 531 F. App'x at 548. "When a plaintiff seeks to amend a complaint to add a party against whom the claim would otherwise be barred by the statute of limitations, the amended pleading is considered to relate back to the date of the original, timely pleading where: 1. 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading,' *see* Fed. R. Civ. P. 15(c)(1)(B), and 2. the added party is 'served within [90] days after the [initial] complaint is filed . . . [or] the plaintiff shows good cause for the failure [to serve the added party within 120 days],' *see* Fed. R. Civ. P. 4(m)." *Id.* (citing Fed. R. Civ. P. 15(c)(1)(C)).[3] If both of these requirements are satisfied, then the party may be added so long as that party "3. 'received such notice of the action that it will not be prejudiced in defending on the merits,' *see* Fed. R. Civ. P. 15(c)(1)(C)(i), and 4. 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity,' *see* Fed. R. Civ. P. 15(c)(1)(C)(ii)." *Id. See also*

---

[2] Rule 15(c)(1) provides: An amendment to a pleading relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

[3] When *Lockhart* was decided, the time to serve a party under Rule 4(m) was 120 days, but it has since been shortened to 90 days.

*Jackson v. Herrington,* 393 F. App'x 348, 352 (6th Cir. 2010) (quoting *Lovelace v. O'Hara,* 985 F.2d 847, 849 (6th Cir. 1993) (quoting former Fed. R. Civ. P. 15(c) (1991)).

Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). If a plaintiff does not complete service within the 90-day period, he may show good cause for failure to complete service. *Kirk v. Muskingum County Ohio*, No. 2:09-cv-00583, 2011 WL 1480136, at *4 (S.D. Ohio Apr. 19, 2011) (Report and Recommendation), *adopted,* 2011 WL 1843004 (S.D. Ohio May 16, 2011); Fed. R. Civ. P. 4(m). If the plaintiff shows good cause "the court must extend the time for service for an appropriate period." *Id.*; Fed. R. Civ. P. 4(m). If good cause is absent, the Court has discretion to either dismiss the plaintiff's case or extend the time for service. *Id.*, at *5 (citing *Wise v. Dep't of Def.,* 196 F.R.D. 52, 56 (S.D. Ohio 1999)). A plaintiff who is proceeding pro se is entitled to some leniency in the application of Rule 4's requirements "to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities.'" *Id.* (quoting *Su v. Cincinnati City Prosecutor,* No. 1:07-cv-902, 2008 WL 3932320, at *2 (S.D. Ohio Aug. 20, 2008)). However, a pro so plaintiff is obligated to properly effect service of summons and the complaint as required by the Federal Rules. *Id.* (citing *Becker v. Warden Ross Corr. Inst.*, No. 2:05-cv-908, 2006 WL 2869567, at *4 (S.D. Ohio Oct. 5, 2006)).

The requirements of Rule 15(c)(1) are not satisfied here. Plaintiff filed the complaint in this matter on June 23, 2016 (Doc. 9), and he filed an amended complaint on August 9, 2016 (Doc. 12). In the amended complaint, plaintiff did not name Jamie Gillum, Kory Rogers or

Kody Johnson as defendants, and he did not name ODRC as a defendant in place of C/O Ferguson. Summons were issued for the defendants who were named in the amended complaint on November 2, 2016. (Doc. 15). Summons were returned unexecuted for Dail, Rodgers, Johnson and Ferguson on December 19 and 28, 2016, with letters from ODRC explaining Ferguson was no longer employed by it, it had no employees by the name of Dail or Rodgers, and it employed multiple individuals with the last name of Johnson. (Docs. 22, 24). An additional six months passed before plaintiff filed his motion for an extension of time to complete service, and it was two more months before plaintiff filed his motion to issue service. Plaintiff has not explained why he could not obtain the information he needed to identify and serve parties during this time period, and there does not appear to be a valid reason for the lengthy delay. Plaintiff has not shown good cause for his failure to complete service on Jamie Gillum, Kory Rodgers, Kody Johnson and ODRC within 90 days of the Court's initial screening of the amended complaint. Thus, the second requirement for relation back of the amendment - that the added party is "served within [90] days after the [] complaint is filed . . . [or] the plaintiff shows good cause for the failure [to serve the added party within [90] days]" under Rule 4(m) - is not satisfied. *Lockhart*, 531 F. App'x at 548; Fed. R. Civ. P. 15(c)(1)(C). Plaintiff's request to add these parties to the lawsuit and issue service on them must be denied for this reason alone.

The third requirement for relation back of the proposed amendment to the complaint - that proposed defendants Jamie Gillum, Kory Rogers, Kody Johnson and ODRC "received such notice of the action that [they] will not be prejudiced in defending on the merits" - is also not satisfied. *Lockhart*, 531 F. App'x at 548; Fed. R. Civ. P. 15(c)(1)(C)(i). ODRC explained in letters that it sent with the unexecuted summons for Dail, Johnson, Rodgers and Ferguson in December 2016 why it could not deliver the summons to Ferguson and identify the other

defendants. (Docs. 22, 24). There is no indication in the record that despite ODRC's inability to identify these employees as named in the complaint and plaintiff's failure to complete service, proposed defendants Jamie Gillum, Kory Rogers, and Kody Johnson nonetheless had notice of this action. Further, ODRC could not have had notice of plaintiff's intention to substitute it for defendant Ferguson and to hold ODRC liable for Ferguson's alleged misconduct before plaintiff filed his motion to issue service on ODRC.[4] There is likewise no indication that the fourth requirement for adding these individuals and ODRC as parties at this stage of the case - that they "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity" - is satisfied. *See Lockhart*, 531 F. App'x at 548; Fed. R. Civ. P. 15(c)(1)(C)(ii).

Thus, plaintiff's request to add Jamie Gillum, Kory Rodgers, Kody Johnson, and ODRC as defendants to this lawsuit does not satisfy the relation-back requirements of Fed. R. Civ. P. 15(c)(1). Plaintiff did not timely serve these parties or show good cause for his failure to do so, and there is no indication in the record that they had notice of plaintiff's claims against them within two years after the incidents giving rise to the complaint occurred. (*See* Doc. 12). Plaintiff's claims against the individual parties he has now identified and against ODRC for the actions of C/O Ferguson do not relate back and are barred by the governing statute of limitations. *Browning*, 869 F.2d 989. Plaintiff's motion to issue service on these parties should therefore be denied.

In addition, plaintiff's motion for extension of time to complete service on the unserved defendants named in the amended complaint (Doc. 44) should be denied and the unserved defendants should be dismissed from the lawsuit under Fed. R. Civ. P. 4(m). Plaintiff did not

---

[4] Although plaintiff named ODRC as a defendant in the original complaint, ODRC was dismissed as a defendant on screening. (Docs. 14, 62).

15

execute service on C/O Dail, C/O Rodgers, C/O Johnson and C/O Ferguson within 90 days of the Court's initial screening of the amended complaint. For the reasons explained *supra*, no valid reason for plaintiff's failure to reserve these parties within a reasonable time is apparent from the record, and plaintiff has not shown good cause for his failure to complete service on the unserved defendants. Dismissal of these defendants from the lawsuit under Rule 4(m) for lack of service is therefore warranted.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for an extension of the discovery deadline (Doc. 48) is **GRANTED**. The discovery deadline is extended to **October 20, 2017** and the dispositive motion deadline is extended to **November 10, 2017**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. 45) be **DENIED**.

2. Plaintiff's motion for extension of time to issue service (Doc. 44) be **DENIED** and defendants C/O Dail, C/O Johnson, C/O Rodgers and C/O Ferguson be **DISMISSED** from this case for lack of service under Fed. R. Civ. P. 4(m).

3. Plaintiff's motion to issue service on Jamie Gillum, Kory Rogers, Kody Johnson and ODRC (Doc. 58) be **DENIED**.

Date: 9/28/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

Case No. 1:16-cv-00515
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM COOL, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).