# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TERRY TYRONE PULLEN, JR.,<br>Plaintiff, | Case No. 1:16-cv-515<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| WILLIAM COOL, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on (1) plaintiff's motion for an order compelling discovery (Doc. 63), defendants' response in opposition (Doc. 67) and plaintiff's reply (Doc. 70), (2) plaintiff's motion to strike (Doc. 65), (3) plaintiff's motion to issue service (Doc. 71), and (4) plaintiff's motion to extend the dispositive motion deadline (Doc. 79).

Plaintiff moves the Court to strike declarations he purportedly filed on September 25, 2017. (Doc. 65). The docket shows that plaintiff did not file any documents with the Court on that date. The Court will therefore deny plaintiff's motion.

Plaintiff filed his motion to compel discovery on September 22, 2017. (Doc. 63). Plaintiff moves for an order under Fed. R. Civ. P. 37 compelling defendants to produce (1) responses to plaintiff's first set of interrogatories, and (2) documents in response to plaintiff's first, second and third requests for production of documents. Plaintiff alleges he submitted document requests to defendants on March 1, 2017, May 18, 2017 and August 18, 2017, but

defendants have not provided complete responses to his document production requests. Plaintiff also alleges that defendants have not responded to his interrogatories, which he mailed in two envelopes on May 18, 2017 and July 12, 2017. Plaintiff has attached a declaration to his motion indicating that he sent a letter to counsel in August 2017 about defendants' failure to respond to his interrogatories and his third request for production of documents, but defendants still have not answered plaintiff's interrogatories. (Doc. 63 at 6-9). Plaintiff states in the declaration that he has attempted in good faith to obtain discovery from defendants through their counsel without involving the Court but he has not been successful. Plaintiff seeks an order compelling defendants to comply with his discovery requests and imposing a monetary sanction of $10,000.00 on defendants.

In response, defendants argue that plaintiff's motion to compel should be denied because they have complied with, or are in the process of complying with, plaintiff's outstanding discovery requests. (Doc. 67). Counsel states that he received plaintiff's first request for production of documents on August 28, 2017 and mailed defendants' response on October 2, 2017. Counsel acknowledges that his office received plaintiff's complete set of interrogatories on July 27, 2017, but counsel alleges the interrogatories were inadvertently overlooked and were never answered. Counsel asserts that "a substituting attorney" will obtain answers to the interrogatories as quickly as possible and, upon completing defendants' response, file a notice with the Court that plaintiff's discovery request has been fulfilled. Defendants also urge the Court to deny plaintiff's motion to compel on the ground plaintiff did not exhaust all extrajudicial efforts to resolve the discovery dispute before filing his motion to compel.

In his reply filed on October 17, 2017, plaintiff contends his discovery requests have not

been fulfilled. (Doc. 70). Plaintiff alleges that defendants have not produced the following information and documents in response to discovery requests he made on March 1, 2017: (1) DVR footage other than footage of an assault by inmate Garcia on plaintiff on October 2, 2014, including DVR footage from April 23, 24, 25 and 26, 2015; (2) the name, log date, and time of cell searches of two inmates on March 6, 2015; (3) a copy of a telephone message plaintiff left on the PREA help hotline on March 7, 2015; and (4) a copy of plaintiff's "institutional separation/locate separation." Plaintiff also states that defendants still have not responded to his interrogatories.

Plaintiff has adequately fulfilled his obligations to exhaust extrajudicial efforts to resolve the parties' discovery dispute and to include a certification with his motion that he in good faith conferred with defendants' counsel in an effort to obtain interrogatory responses without court action. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Plaintiff has attached a declaration to his motion to compel indicating that he sent counsel a letter in August 2017 regarding his outstanding discovery requests, and he has submitted a letter counsel sent him in response dated August 19, 2017, informing plaintiff that his follow-up discovery requests were under review and plaintiff could expect responses shortly. (Doc. 63 at 6-9, 11). Counsel acknowledges in defendants' response to the motion to compel filed on October 2, 2017 that there had been some delay in responding to plaintiff's document requests but the responses had been sent, and counsel explained that plaintiff's interrogatories had been inadvertently overlooked and defendants had not responded to those. (Doc. 67 at 2). Counsel advised the Court that responses would be provided "as quickly as possible" and that counsel would file a notice once plaintiff's discovery request had been fulfilled. (*Id.*). In light of counsel's representations, plaintiff was not required

3

to take additional steps or incur further delay before filing his motion to compel answers to interrogatories.

It does not appear that defendants have complied with plaintiff's outstanding request for answers to interrogatories to date. Defendants have not filed a notice of compliance with plaintiff's interrogatories with the Court. Further, defendants requested an extension of the dispositive motion deadline on November 6, 2017, on the grounds discovery was still being conducted and the interrogatory responses had not yet been provided to plaintiff. Plaintiff subsequently moved for an extension of the dispositive motion deadline on February 5, 2018, stating that he had not yet received answers to the interrogatories. (Doc. 79). The Court will therefore grant plaintiff's motion to compel insofar as plaintiff seeks answers to his interrogatories.

The Court will deny plaintiff's motion to compel the disclosure of documents, including the specific items plaintiff has identified in his reply memorandum. (Doc. 70 at 2-3). Defendants objected to numerous document requests, including requests for a copy of plaintiff's "institutional separation/locate separation" (First Request for Production of Documents, No. 6); information related to cell searches that occurred on March 6, 2015 (*Id.*, No. 13); DVR footage from April 2015 (*Id.*, No. 16); and a PREA help hotline telephone recording from March 7, 2015 (*Id.*, No. 22). (Doc. 63 at 17-24, 29-31). Plaintiff has not addressed defendants' objections and has not shown that they are unsupported. Plaintiff therefore is not entitled to an order compelling the disclosure of documents or information sought in his First, Second and Third Requests for Production of Documents.

Plaintiff is not entitled to a monetary sanction under Fed. R. Civ. P. 37 for defendants' failure to respond to his interrogatories. Rule 37(d) provides that when a party fails to serve written responses to interrogatories, a party or counsel shall be responsible for the payment of "reasonable expenses, including attorney's fees, caused by that failure. . . ." Fed. R. Civ. P. 37(d)(3). Plaintiff has not incurred attorney fees in connection with defendants' failure to respond to his interrogatories, and his request that defendants be sanctioned $10,000.00 for their omission is not reasonable.

Finally, plaintiff has filed a motion to issue service asking that the Court issue service on C/O Jamie Gillum, C/O Kory Rogers and C/O Justin Johnson (previously identified as Kody Johnson). (Doc. 71). The Court issued a Report and Recommendation on September 28, 2017 recommending that plaintiff's motion to issue service on these individuals be denied. (Doc. 64). The Report and Recommendation is pending before the District Judge. Plaintiff must therefore seek any relief he requests in this regard from the District Judge.[1]

Plaintiff moves for an extension of the dispositive motion deadline (Doc. 79), which expired on February 9, 2018 (*See* Doc. 78).[2] In light of the discovery delays in this case, the Court will grant plaintiff's motion to extend the dispositive motion deadline.

---

[1] Plaintiff also raised the service issue in his reply in support of his motion to compel. (Doc. 70). Plaintiff notes that the undersigned has recommended that Jamie Gillum, Kory Rogers and Kody Johnson be dismissed on statute of limitations grounds (Doc. 64), and he attributes his inability to timely serve these individuals within the statutory limitations period to defendants' alleged delay in disclosing their identities in discovery. This issue is not properly addressed in connection with plaintiff's motion to compel discovery.

[2] The deadline was previously extended from January 20, 2018 to February 9, 2018 at defendants' request.

5

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion to strike (Doc. 65) is **DENIED**.

(2) Plaintiff's motion to compel (Doc. 63) is **GRANTED** as to plaintiff's request for answers to interrogatories. Defendants shall serve responses to the interrogatories on plaintiff, and file a notice certifying their compliance with this Order, within **ten (10) days** of the filing date of this Order.

(3) Plaintiff's motion to extend the dispositive motion deadline (Doc. 79) is **GRANTED**. The dispositive motion deadline is extended to **April 13, 2018**.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Plaintiff's motion to issue service on defendants Jamie Gillum, Kory Rogers and Kody Johnson (Doc. 71) be **DENIED**.

Date: 3/2/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

Case No. 1:16-cv-515
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM COOL, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).