# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Terry Tyrone Pullen, Jr.,

    Plaintiff,

v.

William Cool, *et al.*,

    Defendants.

Case No. 1:16cv515

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the March 2, 2018 Magistrate Judge's Order and Report and Recommendation ("R&R"). (Doc. 80). Plaintiff filed timely objections to the Magistrate Judge's Order and R&R. (Doc. 82).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 72(b)(2) states that if a party objects to a magistrate's report and recommendation, the party must file "specific written objections" to the recommendation. Fed. R. Civ. P. 72(b)(2). A general objection to a magistrate's

report, without specifically indicating the issues of contention, does not satisfy the "specific written objections" requirement. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brought this action pursuant to 42 U.S.C. §1983 for violation of his civil rights.

Plaintiff objects to the Magistrate Judge's order denying Plaintiff's Motion to Compel the disclosure of documents in response to Plaintiff's first, second and third requests for production of documents, including the specific items plaintiff has identified in his reply memorandum (See Doc. 70, at 2-3). The Magistrate Judge denied this portion of Plaintiff's Motion to Compel because Plaintiff did not respond to the objections Defendants have made to Plaintiff's document requests. The Court notes that Plaintiff has yet to respond to Defendants' objections (Doc. 63, PAGEID# 855-862; 867-868). For instance, as to Request for Production of Document #16, Defendants state that DVR footage for those dates does not exist. "A party cannot be compelled to produce documents which do not exist or which it does not possess or control." *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at *2 (S.D. Ohio Nov. 17, 2008). Therefore, the Court concludes that the Magistrate Judge did not err in denying Plaintiff's Motion to Compel the disclosure of documents.

Plaintiff also objects to the Magistrate Judge's denial of sanctions under Federal Rule of Civil Procedure 37 for the failure to respond to Plaintiff's interrogatories. Plaintiff maintains that Defendants should be sanctioned based on their delayed response to his interrogatories and documents in response to his first, second and third requests for production of documents. The Magistrate Judge did not order sanctions because

Plaintiff has not incurred attorney fees in connection with Defendants' failure to respond to his interrogatories. Moreover, the Court notes that sanctions are not warranted where the plaintiff has not suffered prejudice as a result of the delay in the production of discovery responses. *Accord Giles v. Tate*, 907 F. Supp. 1135, 1138 (S.D. Ohio 1995).

Accordingly, it is **ORDERED** that the March 2, 2018 Magistrate Judge's R&R is hereby **ADOPTED**. Consistent with the recommendation by the Magistrate Judge, Plaintiff's Motion to Strike (Doc. 65) is **DENIED**; Plaintiff's motion to compel (Doc. 63) is **GRANTED** as to Plaintiff's request for answers to interrogatories and **DENIED** as the documents in response to Plaintiff's first, second and third requests for production of documents, including the specific items plaintiff has identified in his reply memorandum.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                 JUDGE MICHAEL R. BARRETT