**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Terry Tyrone Pullen, Jr.,

      Plaintiff,

                              Case No.: 1:16-cv-515

    v.

                              Judge Michael R. Barrett

William Cool, *et al.*,

      Defendants.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's February 15, 2019 Report and Recommendation ("R&R") that Defendants' Motion for Summary Judgment be granted. (Doc. 97).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R. (Doc. 100). Defendants filed a Response to Plaintiff's Objections. (Doc. 101).

For the reasons stated below, Plaintiff's Objections are OVERRULED; and the Court ADOPTS the Magistrate Judge's February 15, 2019 R&R.

## I. BACKGROUND

Plaintiff is an inmate currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff brings his claims *pro se* pursuant to 42 U.S.C. §1983 and the Eighth Amendment. Plaintiff claims that Defendants were deliberately indifferent to his health and safety. The Magistrate Judge has set forth the procedural and factual

background in her R&R and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## II. <u>ANALYSIS</u>

### A. <u>Standard of Review</u>

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Defendants filed a Motion for Summary Judgment. Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## B. <u>Section 1983</u>

"[T]o survive summary judgment in a § 1983 action, [the plaintiff] must demonstrate a genuine issue of material fact as to the following 'two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'" *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

The Magistrate Judge concluded that Plaintiff has failed to establish claims under the Eighth Amendment. The Supreme Court has held that under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted).

A claim for violation of the duty to protect under the Eighth Amendment has objective and subjective components. *Id.* at 835-38 (1994). To satisfy the objective component, the plaintiff must show that absent reasonable precautions, he or she was exposed to a substantial threat of serious harm. *Id.* at 837.[1] To satisfy the subjective component, the prisoner must show that (1) "the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner," (2) the official "did in fact draw the inference," and (3) the official "then disregarded that risk." *Richko v.*

---

[1]The Magistrate Judge noted that "[t]here is some tension in Sixth Circuit case law on how to frame [the] objective inquiry" of an Eighth Amendment failure to protect claim. *See Thorp v. Ohio Dept. of Rehab, and Correction*, No. 2:15-cv-1121, 2017 WL 661492, at *4 (S.D. Ohio Feb. 17, 2017); *Holder v. Saunders*, No. 13-38, 2014 WL 7177957, at *5 (E.D. Ky. Dec. 2014). One set of cases looks only at whether the inmate suffered a sufficiently severe injury; the other set examines whether there was an objectively substantial risk of harm to the inmate before the injury occurred. The Magistrate Judge did not find it necessary to resolve this tension because Plaintiff has not satisfied his burden under either inquiry.

*Wayne County, Mich.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

Plaintiff maintains that Defendants failed to protect him from assaults by prisoners and retaliation by officers. As the Magistrate Judge explained, there is no dispute that on October 2, 2014, Plaintiff was assaulted by inmate Lorenzo Garcia. However, the Magistrate Judge explained that Plaintiff has not suffered a sufficiently severe injury based on the medical treatment notes in the record; and he did not seek follow-up medical treatment. The Magistrate Judge also explained that when construed in Plaintiff's favor, the evidence does not support a finding that there was an objectively substantial risk of harm to plaintiff before the attack by Garcia. The Magistrate Judge noted that even accepting as true Plaintiff's allegations that he informed Perdas and Nolan that he feared being assaulted by other inmates, at the time Plaintiff was attacked, he was being escorted by a correction officer past other inmates who were confined in their cells. For these reasons, the Magistrate Judge concluded that Plaintiff had not satisfied the objective element of his failure to protect claim; and Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim arising out of the October 2, 2014. The Court finds no error in this conclusion.

The Magistrate Judge also concluded that Plaintiff had not satisfied the subjective element because even if Plaintiff informed Swaney, Perdas or Nolan that he would be harmed if he was moved to a new cell location, there is nothing in the record which would show that these defendants had any control over his cell placement. The Magistrate Judge also noted that at the time of the attack, Plaintiff was being escorted by Correction Officer Riddick, who is not a part to this lawsuit.

Next, Plaintiff argues he has shown deliberate indifference because Defendants denied him protective custody. However, as the Magistrate Judge explained, even though Plaintiff's request for protective custody was denied, he was moved to another housing unit. "Responding to a risk to an inmate by referring the matter for further investigation or taking other appropriate administrative action may in some cases fulfill an official's protective duties under the Eighth Amendment." *Bishop v. Hackel*, 636 F.3d 757, 769-770 (6th Cir. 2011). Moreover, as the Magistrate Judge explained, Plaintiff claims only mental pain as a result of the denial of his request for protective custody, which does not support a claim for deliberate indifference. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Court finds no error in the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's claims based on denial of his request for protective custody.

Finally, Plaintiff explains that the Magistrate Judge erred in concluding that Defendant Englehardt was deliberately indifferent to his health and safety by telling other inmates that he was a snitch. To the extent being labeled a "snitch" could make an inmate a target for other prisoners' attacks, there is no Eighth Amendment deliberate indifference claim without any resulting physical harm stemming from being labeled a snitch. *See Thompson v. Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm").

Therefore, the Magistrate Judge did not err in concluding that Defendants are entitled to summary judgment on Plaintiff's claim under the Eighth Amendment.

## III. **CONCLUSION**

Based on the foregoing, that Magistrate Judge's February 15, 2019 R&R (Doc. 97) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. 85) is **GRANTED**;

2. The Court certifies pursuant to 28 U.S.C. § I 915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

3. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT