# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TERRY TYRONE PULLEN, JR., <br> Plaintiff, | Case No. 1:16-cv-00515 <br> Barrett, J. <br> Litkovitz, M.J. |
| vs. | |
| WILLIAM COOL, et al., <br> Defendants. | **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for extension of time to file a notice of appeal. (Doc. 104).

Pursuant to Rule 4(a)(5) of the Rules of Appellate Procedure, the district court may extend the time to file a notice of appeal if the following requirements are met: (1) the plaintiff's motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires," and (2) the plaintiff shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). A motion filed within the thirty-day appeal time set forth in Rule 4(a)(1) may be ex parte. Fed. R. App. P. 4(a)(5)(B). Any extension of time may not exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C).

Plaintiff's motion for extension of time was filed within the 30-day time limit set forth in the rule. However, plaintiff has not shown excusable neglect or good cause for his request. As explained by the Advisory Committee to Appellate Rule 4(a)(5):

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.

The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Advisory Committee Note to 2002 Amendments to Fed. R. App. P. 4(a)(5)(A)(ii). *See also Smith v. Montgomery Cty. Sheriff's Office*, No. 3:10-cv-448, 2013 WL 2156319, at *3 (S.D. Ohio May 17, 2013) (report and recommendation), *adopted*, 2013 WL 3967671 (S.D. Ohio Aug. 1, 2013), *aff'd*, Nos. 13-3164/3986 (6th Cir. Mar. 3, 2014).

In this case, plaintiff has neither alleged good cause nor excusable neglect for his late filing. Plaintiff has given no reason or explanation in support of his request for an extension of time to file his notice of appeal.

Therefore, it is **RECOMMENDED** that plaintiff's motion for extension of time to file a notice of appeal be **DENIED**.

Date: 11/12/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

Case No. 1:16-cv-00515
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM COOL, et al,,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).